IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOAN GAHAGAN                                                                        PLAINTIFF

vs.                                        Civil No. 2:13-cv-02118

CAROLYN W. COLVIN                                                        DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before this Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal

Access to Justice Act ("EAJA").  ECF No. 19.  Defendant has responded to this Motion and has no

objections to this Motion.  ECF No. 22.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)

(2009), the Honorable P. K. Holmes, III referred this Motion to this Court for the purpose of making

a report and recommendation.  In accordance with that referral, this Court enters the following report

and recommendation.

1.      **Background:**

Joan Gahagan ("Plaintiff") appealed to this Court from the Secretary of the Social Security

Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On July 7, 2014,

Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF

Nos. 17-18.

On September 12, 2014, Plaintiff filed the present Motion requesting an award of attorney's

fees under the EAJA.  ECF Nos. 19-20.  With this Motion, Plaintiff requests an award of attorney's

fees in the total amount of $4,158.90.  *Id.*  This amount represents 20.80 hours of attorney work

during 2013 and 2014 at an hourly rate of $183.00 and 4.70 hours of paralegal work during 2013 and

2014 at an hourly rate of $75.00.  *Id.*  Defendant responded to this Motion on September 26, 2014

and raises no objections.  ECF No. 22.

2.  **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to

2

shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.    Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 17-18. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 22. The Court construes the lack of opposition to this application as an admission that the Government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $4,158.90. ECF Nos. 19-20. This amount includes an attorney hourly rate of $183.00 for work performed in 2013 and 2014. *Id.* This hourly rate is authorized as along as the CPI-South Index justifies this enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, the requested hourly rate is authorized by CPI-South Index. Accordingly, the Court recommends Plaintiff be awarded an attorney hourly rate of $183.00 for work performed in 2013 and 2014. Further,

Defendant raises no objection to Plaintiff's requested paralegal hourly rate of $75.00. ECF No. 22. Accordingly, the Court also finds that rate is reasonable and recommends it be granted.

The Court has reviewed Plaintiff's request for 20.80 hours of attorney work performed in 2013 and 2014 and 4.70 hours of paralegal work performed in 2013 and 2014. Defendant has no objections to these requested hours. ECF No. 22. The Court finds they are reasonable and recommends they be granted.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010). ECF No. 22. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id.* 130 S.Ct. at 2528. Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.    Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff's Motion for Attorney's Fees (ECF No. 19) be **GRANTED**, and Plaintiff be awarded **$4,158.90**. This amount represents 20.80 attorney hours at an hourly rate of $183.00 for work performed in 2013 and 2014 and 4.70 paralegal hours at an hourly rate of $75.00 for work performed in 2013 and 2014.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

4

district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      ENTERED this 6th day of October 2014.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE